UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMMIE LUSTER,                          §
                                        §
        Plaintiff,                      §
                                        §
v.                                      §    CIVIL ACTION NO. 3:13-CV-0940-B
                                        §
DESOTO KWIK KAR, INC.,                  §
                                        §
        Defendant.                      §

MEMORANDUM OPINION AND ORDER

        Before the Court is Plaintiff Sammie Luster's Motion for Entry of Default Judgment (doc. 8),

filed on August 11, 2013. For the reasons discussed below, the Court **GRANTS in part** and

**DENIES in part** Plaintiff's Motion.

I.

BACKGROUND

        This case was originally filed on March 3, 2013. In his Complaint (doc. 1), Plaintiff alleged

that he was employed by Defendant from January 2009 through April 2011. Compl. ¶ 6. During that

time, he worked "one or more weeks" in excess of forty hours but never received overtime pay. *Id.*

at 8-9. Plaintiff claimed Defendant willfully and intentionally withheld the overtime payments he

was due in violation of the Fair Labor Standards Act (the "FLSA"), as amended, 29 U.S.C.A. §

216(b). *Id.* On March 29, 2013, process was served on Defendant at the address of 3501 Pecan Park

Drive, Flower Mound, Texas 75022. Doc. 5. Defendant failed to answer or otherwise defend itself

within the time allowed. Consequently, on April 26, 2013, the Clerk of the Court entered a default

- 1 -

(doc. 7) against Defendant. Plaintiff filed his present motion on August 11, 2013. Defendant has again failed to respond. Plaintiff's motion is now ripe for review.

## II.

## LEGAL STANDARDS

A.     *Default Judgment*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b). Through the entry of default judgment, the "conduct on which liability is based may be taken as true as a consequence of the default." *Frame v. S-H Inc.*, 967 F.2d 194, 205 (5th Cir. 1992). In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

In determining whether a default judgment should be entered against a defendant, courts have developed a two-part analysis. *See, e.g., Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *2-3 (S.D. Tex. Oct. 5, 2011). First the court must consider whether the entry of default judgment is appropriate under the circumstances. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Id.* Second, the court must assess the merits of

the plaintiff's claims and find sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr.*, 515 F.2d at 1206. Although the defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

## III.

## ANALYSIS

A.    *Whether Default Judgment is Appropriate*

In deciding whether default judgment is appropriate, the Court considers the six factors outlined in *Lindsey*. Applying them to this case, the Court finds they weigh in favor of default. First, Defendant has not filed any responsive pleadings. Consequently there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact."). Second, Defendant's "failure to respond threatens to bring the adversary process to halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). In addition, there is no evidence before the Court to indicate that Defendant's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Indeed, Defendant has had plenty of time–almost eight months–to answer and has filed nothing with the Court to explain his reticence. *C.f. Elite v. The KNR Group*, 216 F.3d 1080 (Table), 2000 WL 729378, at *1 (5th Cir. May 19, 2000) (per curiam) (holding default judgment to be inappropriate where defendant sent letter to court explaining his failure to appear was due to financial privation). Further, Plaintiff only seeks the relief to which he is entitled under the FLSA. Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendant. *See id.* Therefore, the Court concludes that default judgment is proper.

B.     *Whether There is a Sufficient Basis for Judgment in the Pleadings*

Due to its default, Defendant is deemed to have admitted the allegations set forth in the Complaint. Nonetheless, the Court must review the pleading to determine whether Plaintiff can establish a viable claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.").

Plaintiff alleges that Defendant "willfully and intentionally" failed to pay him for work he performed in excess of his forty hour workweek throughout his period of employment. Compl. ¶ 8. Pursuant to § 207(a)(1) of the FLSA, no employer shall employ his employees for a workweek longer than forty hours "unless such employee receives compensation for his [overtime hours] at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C.A. § 207(a)(1). Thus, Plaintiff's allegation, which the Court accepts as true based on Defendant's default, establishes a violation of the FLSA. *See Nishimatsu Constr.*, 515 F.2d at 1206. Consequently, the Court finds that there is a sufficient basis for judgment in Plaintiff's pleading.

C.     *Damages*

"A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." *Ins. Co. of the W.*, 2011 WL 4738197, at *4 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002)). Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 370 (5th Cir. 1993).

Plaintiff requests unpaid overtime and liquidated damages under the FLSA. In addition, he requests attorney's fees and costs. The Court considers each of these requests in turn.

1.    Unpaid Overtime

The FLSA generally requires an employee to pay overtime compensation (at a rate of one and one-half times the regular rate of pay) to an employee after he has worked over forty hours in one week. 29 U.S.C.A. § 207(a). Plaintiff claims he is owed $7,987.50 in unpaid overtime wages from January 1, 2009 through April 1, 2011. Mot. 2; Luster Decl. ¶ 1. He arrives at this figure by multiplying the average number of overtime hours he worked each week (15) by his total weeks of employment (117) by half his hourly wage ($4.50).[1] Luster Decl. ¶ 2. The Court finds Plaintiff's request problematic for two reasons. First, the FLSA is subject to a three-year statute of limitations for willful violations. 29 U.S.C.A. § 255(a). Because Plaintiff brought this case on March 3, 2013, he is only entitled to compensation beginning March 3, 2010. Consequently, the period of time for which he may recover is from March 3, 2010 until April 1, 2011. This is 56 weeks rather than 117, or slightly less than half of the period for which Plaintiff seeks damages.

Second, Plaintiff provides nothing other than his own terse declaration to support his request. There are no time sheets, pay stubs, work logs, or other evidence to substantiate the length of his employment, his hourly rate, or the hours he worked. Though the Court accepts as true the allegations that Plaintiff makes with respect to his underlying claim, it is nonetheless reluctant to

---

[1] It is unclear why Plaintiff only applies half his regular wage to the unpaid overtime calculation as he is entitled to one and one-half times the regular rate for overtime work. 29 U.S.C.A. § 207(a)(1). Plaintiff is no doubt aware of this as he alleges in his Complaint that Defendant failed to pay him one and one-half times his regular wage "for each overtime hour worked." Compl. ¶ 8. This suggests to the Court that Plaintiff was only compensated his regular wage for the overtime hours and thus is due the remaining half-time pay. Plaintiff, however, has provided no guidance with respect to the amount he was actually paid for the hours in excess of forty that he worked each week.

grant Plaintiff's request for damages absent any supporting documents. *C.f. Gibbs v. Parr Mgmt., LLC*, No. 3:12-CV-4474-L, 2013 WL 2355048 (N.D. Tex. May 29, 2013) (plaintiff provided detailed affidavit listing dates and work hours to support overtime claim); *Bell v. Able Sec. & Investigations, Inc.*, No. 3:10-CV-1945-L, 2011 WL 2550846, at *1 (N.D. Tex. June 28, 2011) (plaintiff provided timekeeping records to support overtime claim); *Bullion v. Transtec Sys., Inc.*, No. 07-61463-CIV, 2008 WL 4218119, at *2 (S.D. Fla. Sept. 15, 2008) (plaintiff "submitted detailed affidavit to establish claimed damages"); *Carazani v. Zegarra*, No. 12-107(RC), 2013 WL 5303492, at *7 (D.D.C. July 3, 2013) (plaintiff provided employment contract, prevailing wage determination policy guidance from Employment and Training Administration, prevailing wage rates for housekeepers in area, FLSA minimum wage for that period, and weekly tabulation of hours she worked to support her claims).

In light of these deficiencies and the Fifth Circuit's disinclination to award damages absent a hearing or detailed affidavits establishing the necessary facts, *United Artists*, 605 F.2d at 857, the Court denies Plaintiff's request for $7,987.50 in unpaid overtime wages and instead orders a hearing from which the Court may determine the appropriate amount he is due.

2.    Liquidated Damages

Next, the Court considers Plaintiff's request for liquidated damages. A plaintiff is entitled to liquidated damages equal to the amount of unpaid wages for willful violations of the FLSA. 29 U.S.C.A. § 216(b). "Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute was in good faith." *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999). Because Defendant has failed to respond to Plaintiff's Complaint, it has also failed to sustain its burden of showing good faith. Consequently, the Court finds that

Plaintiff is entitled to liquidated damages but denies his request pending a hearing to decide the amount owed in unpaid overtime.

3.     Attorney's Fees and Costs

Finally, the Court consider's Plaintiff's request for attorney's fees and costs. "The FLSA authorizes a prevailing party in an FLSA proceeding to recover costs and attorney's fees, and the award of attorney's fees . . . is mandatory." *Bell*, 2011 WL 2550846, at *3; *see* 29 U.S.C.A. § 216(b). Plaintiff seeks $3,696.00 in attorney's fees and $535.00 in costs. In support of this request, Plaintiff submits the declaration of his attorney, Charles Scalise, as well as the billing records of his law firm, The Ross Law Group. These detail the charges and expenses incurred during this litigation.

1.     *Attorney's fees*

The Fifth Circuit has described the basic procedure and standard for determining attorneys' fees as follows:

> The determination of a fees award is a two-step process. First the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

*Smith v. Acevedo*, 478 Fed. App'x 116, 124 (5th Cir. 2012) (quoting *Jimenez v. Wood Cnty*, 621 F.3d 372, 379-80 (5th Cir. 2010)). The *Johnson* factors are (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the

result obtained; (9) experience, reputation, and ability of the attorneys; (10) "undesirability" of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19. Accordingly, the Court will apply the lodestar method and make adjustments, if necessary, with respect to the *Johnson* factors.

The first step in the lodestar analysis requires the Court determine the reasonable number of hours expended by Plaintiff's attorney on the lawsuit, as well as the reasonable hourly rate for the attorney involved. *Smith v. Acevedo*, 478 Fed. App'x 116, 124 (5th Cir. 2012); *Williams v. Kaufman Cnty*, No. 397CV0875L, 2003 WL 21755913, at *5 (N.D. Tex. July 30, 2003). Here, Plaintiff's attorney has provided a time sheet indicating the amount of work performed in the case. Attorney Charles Scalise performed 9.3 hours of his time at a rate of $350.00 per hour.[2] Scalise Decl. Invoice. In addition, a paralegal performed 2.8 hours at a rate of $95.00 per hour.[3] *Id.*

After reviewing Mr. Scalise's declaration as well as his supporting invoice, the Court finds that the time expended by both him and his paralegal was reasonable. Nothing indicates that either individual was billing for "excessive, duplicative, or inadequately documented" time. *Smith*, 478 Fed. App'x at 124. Consequently, the Court accepts these hours as part of its lodestar calculation.

With respect to the hourly rates, the Court also finds the amounts were reasonable. Mr. Scalise avers that his rate is in line with the range of fees customarily charged in Central Texas by lawyers with similar experience and expertise. Scalise Decl. ¶ 4. In light of his declaration as well as

---

[2] Mr. Scalise's time sheet indicates he performed 9.8 hours of work. However, Plaintiff's Motion only references 9.3 hours. Mot. 6; Scalise Decl. Invoice. Consequently, the Court will only consider the 9.3 hours for its lodestar calculation.

[3] Mr. Scalise's time sheet indicates a paralegal performed 2.8 hours of work, though Plaintiff's Motion references 3.3 hours. Mot. 6; Scalise Decl. Invoice. Because the Court can only find support for 2.8 hours, it will use the lesser amount for its lodestar calculation.

the Court's own knowledge of rates charged for legal services by attorneys in the area with similar levels of skill, experience, and competence, the Court is comfortable using his hourly rate of $350.00. The Court is similarly comfortable using the rate of $95.00 per hour for Mr. Scalise's paralegal.

Accordingly, the Court finds the lodestars for attorney's fees to be: (1) $3,255 for Mr. Scalise (9.3 hours x $350.00); and (2) $266 for his paralegal (2.8 hours x $95.00). Considering the twelve *Johnson* factors described above, the Court does not think it is necessary to make any adjustment to these figures. Accordingly, Plaintiff's motion for attorney's fees is granted in the amount of $3,521.00.          *2.     Costs*

Lastly, the Court considers the Plaintiff's request for costs. A prevailing party in a civil action is entitled to recover its costs unless a federal statute, the federal rules, or the court provides otherwise. *See* Fed. R. Civ. P. 54(d)(1). In addition, pursuant to § 216(b) of the FLSA, the court may allow costs to be paid by defendant. 29 U.S.C.A. § 216(b). Taxable court costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of the deposition transcript; (3) witness fees and related expenses; (4) printing costs; and (5) fees for copies of papers necessarily obtained for use in the case. *See* 28 U.S.C.A. § 1920. Here, Plaintiff seeks $535.00 in costs, namely the filing fee ($350.00) and the service of process fees ($185.00). These are both reasonable and taxable under the law. *See Bullion*, 2008 WL 4218119, at *4. Therefore the Court grants Plaintiff's request for costs in the amount of $535.00.

## IV.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Default Judgment. Specifically, the Court **GRANTS** Plaintiff's request for attorney's fees

in the amount of $3,521.00, and Plaintiff's request for costs in the amount of $535.00. However, the Court **DENIES** Plaintiff's request for overtime wages and liquidated damages in the amount of $15,795.00 and **ORDERS** the parties to appear at a hearing–the date and time to be specified by a separate order–so that it may determine the proper amount to award.


      SO ORDERED.

      SIGNED: November 20, 2013.


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 10 -